No. 23-15887

## IN THE
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RYAN SIX,
*Plaintiff-Appellant,*

v.

IQ DATA INTERNATIONAL, INC.,
*Defendant-Appellee.*

On Appeal from the U.S. District Court for the District of Arizona,
Case No. 2:22-cv-00203-MTL, Judge Michael T. Liburdi, Presiding

## PLAINTIFF-APPELLANT RYAN SIX'S
## PETITION FOR REHEARING OR REHEARING *EN BANC*

Russell S. Thompson, IV
THOMPSON CONSUMER LAW GROUP, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
(602) 388-8898
rthompson@ThompsonConsumerLaw.com

*Counsel for Plaintiff-Appellant*

# Table of Contents

Table of Contents                                                                                ii

Table of Authorities                                                                            iii

I.      Rule 40(b)(2) Statement                                                              1

        A.      Prevailing Rates                                                               1

        B.      Fees-on-fees                                                                     2

II.     Standard in awarding attorney fees                                              3

III.    Relevant Statement of the Case                                                   4

IV.     The District Court awarded fees using historical rates, based on the purported
        2010 prevailing rates.                                                               5

        A.      Panel or *en banc* consideration is necessary to secure or maintain
                uniformity of the Court's decisions requiring inflation adjustments.   6

        B.      The Panel's decision conflicts with authoritative decisions of other
                United States courts of appeals.                                         9

V.      The District Court refused to award Six fees for briefing fees.          11

        A.      Panel or *en banc* consideration is necessary to secure or maintain
                uniformity of the Court's decisions requiring attorney fees be awarded
                in connection with fee briefing.                                         11

        B.      The Panel's decision conflicts with authoritative decisions of other
                United States courts of appeals.                                        13

VI.     Conclusion.                                                                          14

Form 8. Certificate of Compliance for Briefs                                          16

Panel Memorandum                                                                          17

# Table of Authorities

## Cases

*Bell v. Clackamas County*, 341 F.3d 858 (9th Cir. 2003)      7-8

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008)    1-2, 7, 11-12

*Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053 (2d Cir. 1989)      2, 10-11

*Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049 (9th Cir. 2009)    7

*Daly v. Hill*, 790 F.2d 1071 (4th Cir. 1986)      2, 10

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001)      3

*Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000)      3

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017)      11

*Hairston v. R & R Apartments,* 510 F.2d 1090 (7th Cir. 1975)      3, 14

*Hall v. Bolger*, 768 F.2d 1148 (9th Cir. 1985)      3-4

*In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985)      2, 12

*Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011)      4

*Islamic Ctr. v. Starkville*, 876 F.2d 465 (5th Cir. 1989)      2, 9

*Johnson v. University College of University of Ala.*, 706 F.2d 1205 (11th Cir. 1983), *cert. denied*, 464 U.S. 994 (1983)      1-2, 9

*Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690 (9th Cir. 1991)      2, 12

*Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972)      3, 14

*Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978)      3, 13

*Manhart v. City of Los Angeles, Dept. of Water and Power*, 652 F.2d 904 (9th Cir. 1981), *judgment vacated on other grounds*, 461 U.S. 951 (1983)      2, 12

*Marquez v. Harper Sch. Dist. No. 66*, 546 F. App'x 659 (9th Cir. 2013)      1, 7

*Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646 (7th Cir. 1985)      2, 10

*Panior v. Iberville Parish School Board*, 543 F.2d 1117 (5th Cir. 1976)      3, 14

*Parker v. Matthews*, 411 F. Supp. 1059 (D.D.C.1976), *Aff'd*, 182 U.S.App.D.C. 322, 561 F.2d 320 (1977) ..................................................... 3, 14

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) 4

*Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978) .................. 3, 13-14

*Rosenfeld v. S. Pac. Co.*, 519 F.2d 527 (9th Cir. 1975) .......................... 12

*Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066 (9th Cir. 2021) ... 1, 8-9

*Shelago v. Marshall & Ziolkowski Enter. Ltd.*, 2009 U.S. Dist. LEXIS 38940 (D. Ariz. 2009) ................................................................. 5

*Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977) ........................ 3, 13-14

*St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823 (D. Ariz. 2010) 5-6

*Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal.1974), Aff'd, 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547 (1978) ................... 3, 14

*Suzuki v. Yuen*, 678 F.2d 761 (9th Cir. 1982) ............................... 1, 7-8

*Thomas v. City of Tacoma*, 410 F.3d 644 (9th Cir. 2005) .......................... 3

*Torres v. Sachs*, 69 F.R.D. 343 (S.D.N.Y.1975), Aff'd, 538 F.2d 10 (2d Cir. 1976) ............................................................................. 3, 14

*Watson v. County of Riverside*, 300 F.3d 1092 (9th Cir. 2002) .................... 3

*United States v. $28,000.00 in United States Currency*, 802 F.3d 1100 (9th Cir. 2015) ............................................................................. 7

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1990) 4

*Webb v. Vial Fotheringham LLP,* No. CV-17-01476-PHX-DJH, 2019 WL 479834 (D. Ariz. Feb. 7, 2019) ............................................................ 5-6

**Rules**

Fed. R. App. P. 40(b)(2)(A) ....................................................... 1

Fed. R. App. P. 40(b)(2)(C) ....................................................... 2

**Statutes**

42 U.S.C. § 1983 ................................................................ 13

## I. Rule 40(b)(2) Statement

### A. Prevailing Rates

The first primary issue is whether the use of historical "reasonable" rates to determine a fee award must be adjusted to reflect "current" rates. A panel of this Court (the "Panel") affirmed the District Court's order awarding Six fees based on 2010 prevailing rates, finding it "properly considered 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation' when it determined that a reduced hourly rate was appropriate." Doc. 39-1 at 4 (cites omitted). But it failed to address Six's request for an increase due to changes in the legal market. *Id.* Six seeks rehearing and/or rehearing *en banc* on whether it was an error to refuse to adjust the rates in light of market evolution.

Panel or *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions. *See* Fed. R. App. P. 40(b)(2)(A). In finding the District Court set an appropriate rate, the Panel ignored binding precedent requiring historical rates to be adjusted for inflation. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1072 (9th Cir. 2021); *Marquez v. Harper Sch. Dist. No. 66*, 546 F. App'x 659, 660 (9th Cir. 2013); *Suzuki v. Yuen*, 678 F.2d 761, 763 (9th Cir. 1982).

Second, the decision conflicts with authoritative decisions of other courts of appeals. *See* Fed. R. App. P. 40(b)(2)(C); *Johnson* v. *University College of*

*University of Ala.*, 706 F.2d 1205, 1210-11 (11th Cir. 1983), *cert. denied*, 464 U.S. 994 (1983); *see also Islamic Ctr. v. Starkville*, 876 F.2d 465, 473 (5th Cir. 1989); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1056 (2d Cir. 1989); *Daly v. Hill*, 790 F.2d 1071, 1076 (4th Cir. 1986); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 662 (7th Cir. 1985).

## B. Fees-on-fees

The second primary issue here is whether attorney fees must be awarded for fee briefing. The Panel affirmed the District Court's denial of fees related to Six's fee briefing, finding that "it was within the court's discretion to exclude fees for conduct that it reasonably determined was outside the scope of the fee award." Doc. 39-1 at 4. Six seeks rehearing and/or rehearing *en banc* on the question of whether it was an error to refuse to award fees incurred in connection with fee briefing.

Again, Panel or *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions because this Court has repeatedly held that time spent establishing entitlement to and an amount of fees is compensable. *Camacho*, 523 F.3d at 981; *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir. 1991); ; *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985); *Manhart v. City of Los Angeles, Dept. of Water and Power*, 652 F.2d 904, 909 (9th Cir. 1981), *judgment vacated on other grounds*, 461 U.S. 951 (1983)).

2

Further, the Panel's decision conflicts with authoritative decisions of other courts of appeals. *See Lund v. Affleck*, 587 F.2d 75, 76 (1st Cir. 1978); *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978); *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977); *Panior v. Iberville Parish School Board*, 543 F.2d 1117 (5th Cir. 1976); *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975); *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972); *Parker v. Matthews*, 411 F. Supp. 1059 (D.D.C.1976), Aff'd, 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); S*tanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal.1974), *Aff'd*, 550 F.2d 464 (9th Cir. 1977), *Rev'd on other grounds*, 436 U.S. 547 (1978); *Torres v. Sachs*, 69 F.R.D. 343 (S.D.N.Y.1975), *Aff'd*, 538 F.2d 10 (2d Cir. 1976).

## II.    Standard in awarding attorney fees

The Ninth Circuit uses the "lodestar" method to determine fees. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000). A fee award is generally reviewed for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (citing *Watson v. County of Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002)). But a discretionary review is only proper if the court is "satisfied that the correct legal standard was applied" and that no findings of fact were clearly erroneous." *Id.* (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147-48 (9th Cir. 2001)). If the contention is "the district court made a legal error in determining the fee award, then *de novo* review is required." *Id.* (citing *Hall v. Bolger*, 768 F.2d

1148, 1150 (9th Cir. 1985) ("legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*.")).

In determining a reasonable rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Supreme Court holds a reasonable rate is set either "on current rates or by adjusting the fee based on historical rates to reflect its present value." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 716 (1987).

## III.    Relevant Statement of the Case

The District Court *sua sponte* set a sanctions hearing regarding allegations of misconduct by IQ and its counsel. 3-ER-398-99. It then explicitly found IQ and its counsel acted vexatiously, recklessly, and in bad faith—imposing sanctions under its inherent authority and § 1927, inviting Six to seek his fees. 3-ER-383-84.

Six sought fees based on hourly rates of $465.80 (Mr. Thompson) and $407.57 (Mr. Gill), satisfying his burden through s declaration of his counsel and relevant

4

fee awards. 2-ER-187-88, 211-14. Six explained that he sought the same rates the District Court repeatedly found reasonable for his counsel (adjusted for inflation). 2-ER-187-88. He also pointed to a 2018 non-class order approving the rates sought (but not adjusted for inflation). 2-ER-59. Further, he pointed to district courts around the country that have found his counsel's rates and practices reasonable. *Id.*

The District Court ultimately awarded reduced rates of $350 and $300. 1-ER-6-7. In doing so, it relied on the prevailing rates set in 2010—13 years prior to the fee award at issue—and did not adjust the rates for, or even discuss, inflation. *Id.*

## IV. The District Court awarded fees using historical rates, based on the purported 2010 prevailing rates.

In reducing Six's requested—and previously held reasonable—rates, the District Court relied on just two cases. *See* 1-ER-7 (citing *Webb v. Vial Fotheringham LLP*, No. CV-17-01476-PHX-DJH, 2019 WL 479834, at *2 (D. Ariz. Feb. 7, 2019); *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010). But neither support the reduced rates awarded.

In *St. Bernard*, counsel sought an hourly rate of $350. *Id.* In finding it reasonable, the court noted it "recently found an attorney's fee award of $400 per hour reasonable in a FDCPA case." *Id.* (citing *Shelago v. Marshall & Ziolkowski Enter. Ltd.,* 2009 U.S. Dist. LEXIS 38940 (D. Ariz. 2009)). Thus, the District Court's reliance on *St. Bernard* to determine a prevailing rate of $350 was improper

5

because that case supports an hourly rate of *at least* $400. Importantly, *St. Bernard* considered the prevailing rate *almost 13 years* prior to the fee order here.

In *Webb*, the court *did not* consider the prevailing rate at all. Instead, counsel again only sought $350 an hour and the defendants agreed the rate was reasonable. 2019 U.S. Dist. LEXIS 20045, at *4 (citing *St. Bernard*, 782 F. Supp. 2d at 827). Thus, the court performed no actual analysis of the then-prevailing rate. *Webb*'s only other reference to rates was its citation to *St. Bernard*, almost a decade old at the time. *Id.* Thus, at most, *Webb* stands for the non-controversial proposition that $400 (or $350) was the prevailing hourly rate for Arizona FDCPA cases in 2010.

### A.    Panel or *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions requiring inflation adjustments.

While the Panel concluded that the District Court properly considered the prevailing rate, it ignored binding precedent when it failed to consider whether the rates must be adjusted for inflation.[1] Indeed, this Court has repeatedly held that fees should be awarded using current rates or adjusting historical rates for inflation.

In *Camacho*, the district court awarded a successful FDCPA consumer attorney fees set in cases from 1998-2001. 523 F.3d at 981. But the attorneys did not

---

[1] Courts discussing rate enhancements discuss them in the context of both using historical prevailing market rates determined in prior matters and where a rate was determined previously in that same matter but there has been delay in payment. Because both circumstances consider the delay between the time the rate is set and when the fees are paid, the analysis of both apply equally here.

begin rending services until December 2003. *Id.* This Court held "a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services." *Id.* (citing *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) (holding "that it was an abuse of discretion in this case to apply market rates in effect more than two years before the work was performed")); *see also United States v. $28,000.00 in United States Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) ("The district court also erred by relying on an award almost nine years old in determining the prevailing market hourly rate.").

Similarly, in *Marquez*, this Court found "the district court abused its discretion in setting the reasonable hourly rate," and held it "failed to adequately explain why it did not apply any enhancement to the hourly rate for inflation . . . ." 546 F. App'x at 660 (citing *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1055-56 (9th Cir. 2009). Therefore, it is also an abuse of discretion in this Circuit to refuse to adjust historical rates for inflation *without explanation* like the District Court here.

In *Suzuki*, this Court considered a fee award for time spent on an earlier appeal. 678 F.2d at 762. In reducing the rates sought, the District Court awarded a lesser rate it found reasonable in prior trial proceedings. *Id.* at 763. This Court concluded that setting the prevailing rate at the same rate found reasonable two years prior was reversible error: "Given inflation and the significant amount of time since

7

trial, reliance on the rate then fixed was improper." *Id.* The same is true here, where the District Court set the rates using historical rates from 13 years prior.

*Bell* involved a trial court's reduction in hourly fee rates from $200 to $175. 341 F.3d at 868. This Court agreed with Bell that the trial court erred when deciding "to award attorney fees here for work performed in 2000 and 2001 at the same rate awarded in [a] 1998 decision." *Id.* ("We agree."). More specifically, it held "it was an abuse of discretion in this case to apply market rates in effect than two years before the work was performed." *Id.* at 869. Again, the same is true. The District Court abused its discretion by using rates from *a decade* prior.

In *Seachris*, this Court considered an administrative law judge's ("ALJ") award of fees later upheld by the Benefits Review Board ("BRB"). 994 F.3d at 1071. The ALJ rejected all of the attorney's evidence as to prevailing rates before finding he failed to meet his burden and setting the rate through a January 2017 order. *Id.* at 1074-75. In doing so, the ALJ relied almost exclusively on a five-year-old 2012 survey and "adjusted the resulting rate to account for inflation." *Id.* at 1075. The BRB affirmed the ALJ's decision "[a]fter correcting an error by the ALJ in adjusting the 2012 OSB Survey rates for inflation." *Id.* at 1076. While this Court found the ALJ erred in rejecting the attorney's evidence, it *approved of the ALJ's adjustment for inflation*. *Id.* at 1078 ("The ALJ nevertheless relied on the survey by adjusting the 2011 data for inflation—appropriately so."). This Court further held "it was error

8

not to [adjust for inflation]" with respect to the attorney's evidence. *Id.* Thus, it is an abuse of discretion in this Circuit to use historical rates and not adjust for inflation.

The Panel failed to consider this binding authority or discuss inflation adjustments. Thus, rehearing or rehearing *en banc* is proper.

**B.    The Panel's decision conflicts with authoritative decisions of other United States courts of appeals.**

In *Johnson* v. *University College of University of Alabama*, 706 F.2d 1205, 1210 (11th Cir. 1983), *cert. denied*, 464 U.S. 994 (1983), a district court awarded fees using historical rates without any enhancement for inflation or delay. The Eleventh Circuit found "[s]uch delay obviously dilutes the eventual award and may convert an otherwise reasonable fee into an unreasonably low one." *Id.* While giving courts discretion for determining a method to correct the rates, it reversed and held that "district courts should take into account inflation. . . ." *Id.* at 1210-11.

In *Islamic Ctr.*, the Fifth Circuit considered an award of fees under 42 U.S.C. § 1988 where the district court refused to enhance the historical rates used. 876 F.2d at 466. It reversed in part, holding that "[i]f the district court calculated the lodestar using historical billing rates . . . the court should compensate for belated payment by increasing the lodestar by the rate of inflation . . . ." *Id.* at 473.

*Daly* involved "an order awarding attorney's fees to the plaintiff in a § 1983 police brutality case." 790 F.2d at 1074. The District Court "determined that fees

should be awarded based upon the rates at the time the work was performed . . . [and] did not adjust the rates from prior years to account for inflation or delay in payment." *Id.* at 1076. The Fourth Circuit reversed, holding "that the district court erred in adopting historic rates without considering the effect of delay in payment on the value of the fee." *Id.* at 1081.

Finally, in *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 649 (7th Cir. 1985), the district court determined a fee award in a private anti-trust action and doubled it "to compensate plaintiff for the time-value of money and for inflation." On appeal, Sealy argued "that the district court abused its discretion by using a multiplier of two to compensate Ohio-Sealy for the time-value of money and for inflation." *Id.* at 659. The Seventh Circuit affirmed the finding that a rate enhancement was necessary, noting "we believe the fee award should compensate the plaintiff for inflation . . . ." *Id.* But, it found the court abused its discretion in applying a multiplier and remanded to determine "whether the record permits a more precise correction for inflation." *Id.* at 663-664 ("Failing to correct for inflation would give the defendant a motive to prolong the fee issue as long as possible").

Here, the Panel's decision conflicts with each of these decisions from other courts of appeal. *See also Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1056 (2d Cir. 1989) (discussing the district court's process "[t]o calculate

an hourly rate for Chambless' attorneys that reflected both inflation and delayed payment"). Thus, rehearing or rehearing *en banc* is necessary to resolve the conflicts.

## V. The District Court refused to award Six fees for briefing fees.

The Supreme Court has held that fee awards for sanctionable conduct should include "the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017). Such amounts necessarily include fees incurred in connection with litigating the amount of the fee award. Here, the District Court recognized Six's request for "an additional $2,288.23 and $1,682.68 in fees associated with the preparation of their motion, supporting documents, and reply." 1-ER-6. Yet, it failed to otherwise address the request did not award the fees requested. *See* 1-ER-2-11. The Panel did not specifically address this issue on appeal, but simply concluded that "it was within the court's discretion to exclude fees for conduct that it reasonably determined was outside the scope of the fee award." Doc. 39-1 at 4.

### A. Panel or *en banc* consideration is necessary to secure or maintain uniformity of the Court's decisions requiring attorney fees be awarded in connection with fee briefing.

In this Circuit, fees are recoverable where the prevailing party is forced to incur time and effort litigating its attorney's fees. In fact, "[i]n statutory fee cases, federal courts . . . **have uniformly held** that time spent in establishing the entitlement

11

to and amount of the fee is compensable." *Camacho*, 523 F.3d at 981 (quoting *In re Nucorp Energy, Inc.*, 764 F.2d at 659-660 (emphasis added)).

In *Camacho*, the district court awarded fees to a prevailing consumer under the FDCPA (the same statute here) but only awarded a flat $500 for fee briefing. *Id.* This Court reversed and instructed the district court to use the lodestar method on remand. *Id.* at 982. "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id.*; *see also Kinney*, 939 F.2d at 695 (9th Cir. 1991) ("it would be inconsistent to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee") (quoting *Manhart*, 652 F.2d at 909 ("Finally, plaintiffs have requested attorneys' fees for time spent litigating the fees issue itself in district court and on appeal. They are entitled to such an award."), *judgment vacated on other grounds*, 461 U.S. 951 (1983)); *Rosenfeld v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975) ("We reject appellant's argument that it was error to include compensation for services rendered solely to obtain the allowance of the attorneys' fees."). Thus, rehearing or rehearing *en banc* is proper to secure or maintain uniformity.

### B. The Panel's decision conflicts with authoritative decisions of other United States courts of appeals.

In *Lund v. Affleck*, 587 F.2d 75, 76 (1st Cir. 1978), the First Circuit considered district court orders awarding fees to attorneys in compensation for their services in three successful actions brought under 42 U.S.C. § 1983. The defendants argued the district court erred because no fees were warranted for litigating fees. *Id.* at 77. On appeal, the court affirmed the award of fees-on-fees because it "would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee." *Id.* (citing *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978); *Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir. 1977)).

In *Prandini*, the Third Circuit considered an award of fees in a Title VIII class action settlement. 585 F.2d at 49. The court reversed the denial of fees-on-fees, reasoning "the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys; fee application, and in the court's fee award. If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased." *Id.* at 53 It concluded that "[s]uch a result would not comport with the purpose behind most statutory fee authorizations, Viz, the

encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies." *Id.*

The Third Circuit also confirmed that "courts **have consistently held** that attorneys may be awarded, **under statutory fee authorizations**, compensation for the expenses of and **time spent litigating the issue of a reasonable fee**." *Id.* at 53-54 (emphasis added) (citing *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977); *Panior v. Iberville Parish School Board*, 543 F.2d 1117 (5th Cir. 1976); *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975); *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972); *Parker v. Matthews*, 411 F. Supp. 1059 (D.D.C.1976), Aff'd, 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); S*tanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal.1974), *Aff'd*, 550 F.2d 464 (9th Cir. 1977), *Rev'd on other grounds*, 436 U.S. 547 (1978) (the Supreme Court specifically declined to consider the propriety of the fee award, 436 U.S. at 553 n.3); *Torres v. Sachs*, 69 F.R.D. 343 (S.D.N.Y.1975), *Aff'd*, 538 F.2d 10 (2d Cir. 1976).

Therefore, rehearing or rehearing *en banc* is necessary to resolve the conflicts.

## Conclusion

WHEREFORE, Six respectfully requests this Court grant rehearing or rehearing *en banc* to secure or maintain uniformity of the court's decisions, and because the Panel's decision conflicts with authoritative decisions of other United States courts of appeals.

14

Dated:  March 5, 2025         Respectfully submitted,

*/s/* Russell S. Thompson, IV
Russell S. Thompson, IV
THOMPSON CONSUMER LAW GROUP, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number:** <u>23-15887</u>

I am the attorney or self-represented party.

**This brief contains 3,567 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** <u>*/s/* Russell S. Thompson, IV</u>     **Date:** <u>**March 5, 2025**</u>

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN SIX,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>　　　　　Defendant-Appellee. | No.　23-15887<br><br>D.C. No. 2:22-cv-00203-MTL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted May 17, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Ryan Six sued IQ Data International, Inc. ("IQ"), a debt collection company,
under § 805(a)(2) of the Fair Debt Collection Practices Act, codified at 15 U.S.C.
§ 1692c(a)(2). Six claims that IQ violated the Act because he received a debt
verification letter from IQ after he notified the company to send all correspondence
to his counsel. The district court dismissed the case for lack of jurisdiction. On

---

　　　* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal, Six challenges the dismissal, as well as the court's denial of Six's motion to strike affirmative defenses, its resolution of the parties' joint discovery dispute based on attorney-client privilege, and its modified grant of attorneys' fees.

We review the district court's resolution of a discovery dispute for an abuse of discretion, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004), but review de novo the district court's findings on whether the attorney-client privilege was waived, *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996). We also review attorneys' fee awards for an abuse of discretion. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). We have jurisdiction under 28 U.S.C § 1291. We affirm the district court's resolution of the parties' joint discovery dispute and its modified grant of attorneys' fees.[1]

1.      The district court did not abuse its discretion by finding that IQ was not required to produce the notes that its corporate representative had on his desk during his deposition. The notes are covered by attorney-client privilege because they were created by the corporate representative during a deposition preparation meeting with IQ's counsel. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (outlining the elements of attorney-client privilege); *Upjohn Co. v. United States*, 449 U.S. 383, 397 (1981) (finding that notes are privileged to the extent that they

---

[1]      In a separately filed opinion, we reverse and remand the district court's dismissal for lack of jurisdiction and, in light of that ruling, need not reach Six's challenge to the district court's denial of his motion to strike affirmative defenses.

reflect confidential communications between employees and company attorneys). And while IQ's counsel agreed to share a copy of the notes, the attorney-client privilege was not waived because the notes were never physically disclosed.[2] *See Tennenbaum*, 77 F.3d at 340 (holding that a "mere promise to waive the privilege, without a disclosure of privileged communications," does not constitute a waiver).

2.      The district court did not abuse its discretion when it determined the amount of reasonable fees to award to Six. After finding that IQ filed a frivolous Rule 11 motion and opposed Six's requests for extensions of time to harass him, the district court invited Six's counsel to file a motion for attorneys' fees. The district court limited the award to fees incurred in relation to IQ's misconduct. Six filed a motion for fees, and the district court granted the motion with modifications pursuant to 28 U.S.C. § 1927 and its inherent authority.

The district court has "a great deal of discretion" to award fees and to determine what amount of fees is reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). Six argues that the district court abused its discretion by reducing his requested attorneys' fees in several ways, but none of the district court's

---

[2]      Six also argues that Federal Rule of Evidence 612 requires production of the notes regardless of privilege. But even assuming that the rule applies to depositions, there is no evidence that the representative referenced the notes before or during the deposition.

decisions amounted to an abuse of discretion.

First, the district court properly considered "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation" when it determined that a reduced hourly rate was appropriate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). Second, because a "somewhat cursory explanation will suffice" where the difference between a lawyer's request and the court's award is relatively small, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008), the court's reduction of travel time was reasonable. Third, it was within the district court's discretion to reduce time for "unnecessarily duplicative work," *id.* at 1112, and block-billed entries, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Fourth, because the court awarded fees under both 28 U.S.C. § 1927 and its inherent authority, it was reasonable to apply Arizona Local Rule of Civil Procedure 54.2(e) to exclude certain sought hours. Fifth, because the district court expressly stated that any award would be limited to fees incurred in relation to certain portions of the proceedings, it was within the court's discretion to exclude fees for conduct that it reasonably determined was outside the scope of the fee award. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601, 603 (9th Cir. 2016) (finding that the court abuses its discretion when the decision is "beyond the pale of reasonable justification" (quoting

*Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

We thus affirm the district court's resolution of the discovery dispute and its modified grant of attorneys' fees.

**AFFIRMED.**

23-15887